WILLIAM COLGROVE V. IRA N. PICKETT.

FILED JANUARY 3, 1906. No. 13,888.

Trial: INSTRUCTIONS. A party has a right to have his theory of the case submitted to the jury, when there is competent evidence to support it.

ERROR to the district court for Gage county: W. H. KELLIGAR, JUDGE. *Reversed.*

*R. W. Sabin,* for plaintiff in error.

*Hazlett & Jack, contra.*

DUFFIE, C.

In the district court for Gage county, Pickett, a duly licensed physician, sued Colgrove for services rendered to one Lee Taylor, a son-in-law of Colgrove. The peti-

tion alleges that these services were rendered at the special instance and request of the defendant, and for which the defendant promised to pay. The answer was a general denial. The evidence discloses that Taylor was taken sick at Colgrove's house and that he requested his father-in-law to send for a physician. The physician was attending another patient in the neighborhood of Colgrove's home, and, being informed of that fact, Colgrove called at the neighbor's house and requested Pickett to visit, examine and prescribe for Taylor. The evidence of Pickett is to the effect that, after having examined Taylor and prescribed for him, Colgrove followed him to the yard, where his horse was tied, and requested him to continue his visits and that he would see him paid for his services. After one or two visits Pickett failed to call, and Colgrove and one Homershon visited his office, where Pickett informed them that the case was very serious; that he had doubts of Taylor's recovery, and did not like to assume the whole responsibility of the case and desired another physician called for consultation. Plaintiff's evidence tends to show that at this time both Colgrove and Homershon agreed to pay him for his services, and Homershon later did pay him about $40, the full amount of his bill at that time, and notified him that he would not be responsible for further services. Pickett continued his visits until his services amounted to the sum of $94, in addition to the amount paid by Homershon, for which he brought this action against Colgrove. Colgrove and his daughter both testified that, about the time that Homershon paid Pickett the amount of his bill, he (Colgrove) informed the doctor that he need not visit Taylor any longer "on his account."

The court instructed the jury very fairly relating to the defense of the statute of frauds, and Colgrove requested an instruction (No. 5) to the effect that, if the jury believed from the evidence that plaintiff was told by the defendant, after having made several visits, that he did not want him to make further calls on his account, then, in order to hold him liable for services thereafter

rendered, it would be necessary to show a new contract. The instruction, as drawn, is not a clear or satisfactory statement of this phase of the defense, but is not an erroneous statement of the law, and served to call the attention of the court to the particular point upon which Colgrove wished an instruction, and we think, under the circumstances of the case, the court should have properly instructed the jury relating to that particular feature of the case. If Pickett had been paid in full by Homershon up to the date that Colgrove and his daughter testified that he was informed that he need not continue his visits on Colgrove's account, then he ought not to recover, or if not paid in full, then it is clear that Colgrove should not be held for more than the balance then due. It is a universal rule that a party has a right to have his case submitted to the jury upon his own theory of the case, which there is competent evidence to support, and the evidence of two witnesses if believed by the jury, to the effect that on a certain date Colgrove told the doctor that he would not thereafter be responsible for his visits, would be a complete defense to any charges made against him after the date of such notification, and this phase of the case should have been submitted to the jury by a proper instruction.

For the error in failing to instruct the jury in that regard, we recommend that the judgment be reversed and the cause remanded for another trial.

JACKSON, C., concurs.    ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.