FRANCES J. ROBISON, APPELLEE, v. TROY LAUNDRY, APPEL-
LANT.

FILED NOVEMBER 10, 1920, No. 21103.

1. **Negligence:** PROXIMATE CAUSE: COMPARATIVE NEGLIGENCE. Evidence examined, and *held*, not to show such contributory negligence on the plaintiff's part, in driving at excessive speed and without warning signals, as to establish as a matter of law that her negligence was the proximate cause of the accident or that it was more than slight in comparison with the negligence of the defendant, within the meaning of the comparative negligence statute (Rev. St. 1913, sec. 7892).

2. ———: ———: ———: QUESTION FOR JURY. Where, in an action for damages arising from a collision between vehicles at a street intersection, there is evidence that the defendant's servant was driving toward the intersection at reckless speed, keeping no lookout, but preoccupied in looking back toward another vehicle with which he was racing, the question of the comparative negligence of the parties and the proximate cause of the accident is for the jury, although there is evidence from which the jury would be justified in believing that the plaintiff was also negligent in driving at excessive speed and failing to give warning signals.

3. **Trial:** VIEW OF PREMISES: DISCRETION OF COURT. The granting or refusal of an order directing a view by the jury of the locality of the accident rests within the sound discretion of the trial court, and the fact that one party consents to the request of the other

that such view be directed will not control the discretion of the court in that regard.

4. ———: ———: ——— . The fact that the trial court in the first instance directs a view of the premises will not deprive it of power to rescind the order, if, within its sound discretion, the granting of a view finally seems inadvisable.

5. ———: ———: ———. It is not abuse of discretion to deny a view of the premises if it does not appear that such view is necessary to a clear understanding by the jury of the physical conditions, or where it is not made affirmatively to appear by the party requesting the view that no material change has occurred in the conditions of the locality in question.

6. ———: REFUSAL OF SPECIFIC INSTRUCTION. It is not error for the trial court to omit to give a specific instruction bearing upon a certain ground of contributory negligence set up as a defense in the answer, unless the defendant tenders a request for an instruction upon the omitted issue, which fairly reflects and calls attention to it and is a substantially correct statement of the law pertaining thereto.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*Ernest A. Conaway*, for appellant.

*F. P. Marconnit, contra.*

DORSEY, C.

Frances J. Robison recovered a verdict and judgment against the defendant, the Troy Laundry Company, for damages for personal injuries sustained in a collision between an automobile driven by her and a motor delivery truck belonging to the defendant and operated by one of its employees.

The accident occurred at the intersection in the city of Omaha where Thirty-third street, running north and south, crosses Poppleton avenue, running east and west. Poppleton avenue does not continue directly west from its intersection with Thirty-third street, but jogs to the north. The intersection in question is therefore closed to the west by the west curb line of Thirty-third street. A space about 30 feet square, from curb to curb, is comprised in the inter-

section, and this space is open to the east on Poppleton avenue and to the north and south on Thirty-third street. Just before the accident the defendant's delivery truck was approaching the intersection from the north, and the plaintiff was driving her father's automobile, with a party of friends, on Poppleton avenue toward the intersection from the east.

The plaintiff alleged and testified that as she entered the east side of the intersection she noticed the defendant's truck approaching from the north at so excessive a speed and so obviously out of control that she concluded there was no way to avoid a collision, except to go directly west across the intersection, ahead of the truck, and get out of its way by forcing her car upon the park space beyond the curb line on the west side of Thirty-third street. She accordingly applied the power and shot across the intersection to the southwest, but was unable to get her car off the street and beyond the curb before it was struck by the defendant's truck.

The defendant, on the contrary, in its pleading and evidence denied any unlawful speed or lack of control on the part of its truck driver, and contended that the accident was caused by the undue speed at which the plaintiff was driving when she entered the intersection, and by the fact that she gave no signal or warning, although her view to the north on Thirty-third street was obscured by a high bank at the northeast corner of the intersection. The defendant not only asked to be dismissed from any liability to the plaintiff, but counterclaimed for damages to the truck.

The controversy at the trial was waged, for the most part, upon conflicting evidence as to the speed at which the respective motor vehicles were being driven, and the record showed a decided variance in the testimony upon that point. The defendant argues, upon this appeal, that the evidence is insufficient to sustain the verdict. We are convinced, however, that there was abundant testimony which, if the jury saw fit to credit it, would justify a finding

that the defendant's truck was being driven toward the intersection with the utmost recklessness. It was shown by several witnesses that the driver of the truck was apparently racing, and, as he neared the intersection, was looking backward toward the rival car, instead of moderating his speed and looking in the direction of Poppleton avenue, as was his duty.

The plaintiff, it is true, admits that she was driving toward the intersection at a speed of 12 miles an hour, and there was testimony from which the jury might have gathered that the speed of her car, going toward Thirty-third street, was as much as 25 miles an hour. The jury might have found that she was not cautious enough in reducing her speed upon entering the intersection, and that her sudden resolution to run upon the curb ahead of the defendant's car was unwise and imprudent. If, on the other hand, we consider the evidence in the light most favorable to the plaintiff, as is the rule when it is a question of setting aside a verdict, we feel that this court would not be warranted in saying, as a matter of law, that reasonable men could have reached no other conclusion from the evidence than that the plaintiff's negligence alone was the proximate cause of the accident, or that her negligence, under the circumstances, was more than slight in comparison with the negligence of the truck driver, within the meaning of section 7892, Rev. St. 1913.

It was peculiarly a question for the jury, under the comparative negligence statute, to determine whether, notwithstanding any negligence on plaintiff's part in driving at excessive speed or failing to signal, responsibility for the collision must nevertheless be ascribed to the failure of the driver of defendant's truck to observe any reasonable precaution; to determine whether he was, or was not, racing toward the intersection without keeping a proper lookout in the direction of Poppleton avenue, and, if he was, then to determine whether his recklessness created such an emergency as would reasonably justify the plaintiff in adopting the course that she took in the effort to avoid a collision.

In the progress of the trial the defendant requested an order directing the jury to view the locality of the accident. No action was taken upon this request at the time, but after the evidence was all in the court referred to the request, and counsel for defendant suggested that he and opposing counsel should go with the bailiff and the jury; to which plaintiff's counsel responded: "I should think that would be a bad thing, for counsel. Let the bailiff take the jury out. Conaway would not agree with me when we got out there." The court then said: "There is really no necessity for attorneys to go along; the bailiff can take them out." Plaintiff's counsel then made formal objection to the jury viewing the premises on the ground that the conditions at the intersection had changed, and a colloquy ensued between the court and counsel, in which it was asserted on the one side and denied on the other that material changes had been made in cutting off the street corners since the accident. The court finally said: "I don't know; if there have been some changes made, then I guess we won't do it. Go ahead with the argument."

The defendant contends that the record shows, in effect, a stipulation by the plaintiff to have the view and an order of the court directing it, and that it was error and an abuse of discretion for the court later to change its attitude and refuse the view. The fact that counsel for plaintiff at first consented that the jury view the locality would not, in our opinion, be binding upon the court. The granting or refusal of the request for a view was a matter resting within the sound discretion of the trial court, which could not be controlled by the stipulation of the parties. Nor do we think that the trial judge, by granting the request in the first instance, as counsel contends he did, deprived himself of the power to rescind the order, if, upon more mature reflection, a view by the jury seemed inadvisable. It was an order which, like other rulings in the course of the trial, the court had inherent power to change, being responsible for error or abuse of discretion.

The defendant complains that the refusal to direct a view was an abuse of discretion. It appears, however, that there was no material dispute in the evidence as to the physical surroundings and conditions at the intersection, and it does not appear that the jury would have been materially assisted by a view. The facts essential to a clear understanding or mental picture of the locality, the width and direction of the streets, and the existence of a high bank obscuring the plaintiff's view were uncontroverted. The issues before the jury arose, not from a conflict in the evidence relating to the physical facts, but from the contradictory testimony as to the conduct of the plaintiff and of the driver of defendant's truck. It was, furthermore, incumbent upon the defendant, as the party demanding a view, to make clear to the court that no material change had taken place at the intersection since the accident. No such evidence was offered, and the court was left in doubt upon that proposition. There was no abuse of discretion in refusing to direct a view. *Whelan v. City of Plattsmouth,* 87 Neb. 824; *Beck v. Staats,* 80 Neb. 482.

Counsel for the defendant had prepared certain instructions upon the supposition that the court would direct a view, and in these the jury were told that they should find for the defendant in case they found certain facts "from the evidence and your view of the premises."

These instructions were tendered in that form because, as counsel claims, he was so surprised and disconcerted by the court's refusal to direct a view, after having apparently been inclined to grant it, that he omitted to strike out the words referring to the view. The instructions, in question, which the court refused to give, were to the effect that, if the jury believed the view of the "plaintiff's agent and servant" was so obstructed by the high bank at the corner of the intersection that she could not see north on Thirty-third street, her omission to give any signal was a violation of the ordinances of the city of Omaha; and, if the jury believed her failure to signal was the proximate cause of the accident, they should find for the defendant.

The instructions in question were inaccurate in the form tendered, for two reasons, aside from the proposition that they were predicated upon a view by the jury which had not taken place: They assumed to instruct the jury as to the ordinances of the city, which were not in evidence, and they referred to the view of the "plaintiff's agent and servant" north on Thirty-third street, when it was the view of the plaintiff herself which was in question, as she was driving the car.

It is contended, however, that it was the court's duty, without any specific request, to give an instruction to the effect that the jury should find for the defendant in case they found that the proximate cause of the accident was the plaintiff's failure to give warning signals on approaching the intersection. The existence of the high bank obstructing her view and her consequent duty to give signals were alleged in the answer; the contributory negligence charged against the plaintiff consisted, not only of excessive speed, but of failure to signal, yet the jury were not told to return a verdict for the defendant if they found that the plaintiff's neglect to signal was the proximate cause of the collision. Excessive speed was the only ground of contributory negligence which the jury were informed might be a good defense.

It is the rule that, if the court omits to charge the jury upon some issue material to a cause of action or defense, its error cannot be availed of unless a request be tendered for a proper instruction upon the omitted issue. *Sanford v. Craig,* 52 Neb. 483. This rule has been, to some extent, qualified by the proposition that, where a request is made for an instruction which, in the form tendered, is not a clear and satisfactory statement of the particular phase of the case which it is intended to cover, but which fairly reflects and calls attention to it, and is not an erroneous statement of the law, it becomes the duty of the court to give either the instruction requested or another embodying the same principle. *Colgrove v. Pickett,* 75 Neb. 440; *Western Mattress Co. v. Ostergaard,* 71 Neb. 575.

105 Neb.—18

In their references to the ordinances of the city and in making the question of the plaintiff's alleged negligence in failing to signal dependent upon her observance or nonobservance of those ordinances, the instructions tendered were, in our opinion, too inaccurate, not only in form, but in substance, to challenge the court's attention to the correct rule with regard to the effect of the plaintiff's neglect to signal as a defense, or to require the court to give an instruction of its own on that subject.

For the reasons stated, we recommend that the judgment of the court below be

AFFIRMED.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.