JOHN W. FRANCIS, ADMINISTRATOR, APPELLEE, v. LINCOLN TRACTION COMPANY, APPELLANT.

FILED JUNE 6, 1921.   No. 21485.

Negligence: WHEN QUESTION FOR JURY.   Where there is evidence tending to prove both negligence and contributory negligence in an action to recover damages for the causing of death by a wrongful act, the duty of making the comparison under the comparative negligence law is imposed upon the jury, unless the evidence of negligence is legally insufficient to sustain a verdict in favor of plaintiff, or the evidence shows the contributory negligence of the plaintiff is more than slight, or where the defendant's negligence is not gross in comparison with that of plaintiff. Rev. St. 1913, sec. 7892.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE.   Affirmed.

Hainer, Craft & Lane and H. W. Baird, for appellant.

W. C. Frampton and Wilmer B. Comstock, contra.

MORRISSEY, C. J.

This is an action to recover damages in the sum of $10,000 for alleged negligence resulting in the death of Rebecca Jane Francis, a married woman about 61 years of age.   She was struck and killed by a street-car on defendant's track in Lincoln about 10 o'clock p. m. November 29, 1918; her daughter being her companion at the time.   The street-car was going east on Holdrege street. The collision occurred at the intersection of the crosswalk on the west side of Twenty-second avenue, while the mother was attempting to cross the street-car track from the north, intending to take passage with her daughter on the approaching street-car at the regular stopping place.

The daughter had safely crossed the street-car track ahead of her mother. The husband, as administrator of the estate of his deceased wife, is plaintiff. Defendant is charged with negligence in the following particulars: The motorman was incompetent and careless. The car was run at a dangerous speed. The car was not equipped with an efficient fender. The motorman failed to keep a proper lookout. In the answer defendant pleaded that the collision was unavoidable on its part, that the accident occurred without any fault or negligence of defendant, and that the collision was caused solely by the negligence of Rebecca Jane Francis. The reply to the answer was a general denial. The jury returned a verdict in favor of plaintiff for $1,000. From the judgment thereon defendant has appealed.

The principal assignment of error is insufficiency of the evidence to sustain the verdict, and this presents the controlling question in the case. Defendant takes the position that the car was brilliantly lighted, that it gave notice of its approach, that it was on schedule time, that it was running at the usual speed, that Mrs. Francis was guilty of negligence in going in front of the approaching car, that defendant was free from negligence, and that the collision was unavoidable on the part of defendant. Is the position thus taken tenable? There is evidence tending to prove the following facts: The daughter, coming from the north on the west side of Twenty-second avenue, crossed the street-car track and saw the street-car approaching at a distance of 150 or 200 feet. She took her place on the south side of the street railway track at the intersection of the cross-walk, the usual place to board the car approaching from the west, that being the signal for it to stop. Her mother followed her, but was 10 or 15 feet behind. The street-car, without slackening speed, while running at the rate of 15 miles an hour, struck her mother when she was between the rails but nearly across the track. She was dragged 80 feet or more and the car ran at least 120 feet before it was stopped. The car was

equipped with sand to prevent the wheels from slipping when the brake was applied, but the sand was not used. When the car was within 50 feet of the place where the collision occurred, the motorman was engaged in conversation with a man in the front vestibule. Immediately after the car stopped the motorman and another man, coming from the direction of the car, walked together toward the scene of the accident. In some particulars the evidence outlined is contradicted, but from it there may be drawn the inferences that the motorman did not keep a proper lookout, and that timely and proper application of the brake with the use of sand would have slackened the speed, would have given the mother time to cross the track, and would have prevented the collision. The evidence of negligence seems to be sufficient to sustain a verdict in favor of plaintiff. There was also testimony tending to prove the other allegations of negligence submitted to the jury. On the part of defendant the proofs tend to show that Rebecca Jane Francis was guilty of contributory negligence, but it cannot be said, as a matter of law, that her contributory negligence was more than slight in comparison with the negligence of the motorman, within the meaning of the comparative negligence law. Rev. St. 1913, sec. 7892. Under the circumstances the duty of making the comparison and of deciding the issues of negligence and of contributory negligence was imposed upon the jury. *Disher v. Chicago, R. I. & P. R. Co.,* 93 Neb. 224; *Sodomka v. Cudahy Packing Co.,* 101 Neb. 446; *Robison v. Troy Laundry,* 105 Neb. 267; *Morrison v. Scotts Bluff County,* 104 Neb. 254.

Defendant argues further that an amendment of the petition during the trial and the awarding of damages to the husband and daughter, who, as it is said, had no pecuniary interest in the life of Rebecca Jane Francis, are grounds for reversal. Under the evidence and the established principles of law neither of these points is well taken.

AFFIRMED.