GEORGE W. HALL, APPELLEE, v. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED DECEMBER 31, 1924.   No. 22944.

1. Railroads: INJURY AT CROSSING: NEGLIGENCE: QUESTION FOR JURY. In undertaking to cross a line of railroad, a person is bound to exercise caution and be watchful for the approach of a train from any direction from which one may come, yet there may be circumstances which will excuse his failure for a brief period to look in every such direction, and if he suffers injury thereby, his negligence, if any, is ordinarily a question of fact for the determination of a jury.

2. Appeal: DIRECTED VERDICT. "In determining whether a peremptory instruction was justified, the party against whom the verdict is directed is entitled to have every controverted question of fact resolved in his favor, and to have the benefit of every inference that reasonably can be deduced from the facts in evidence." Schmelzel v. Leecy, 104 Neb. 672.

3. Negligence: QUESTION FOR JURY. The evidence is summarized in the opinion, and held that the court did not err in refusing to withdraw the case from the jury, and that the evidence supports the verdict.

4. Trial: INSTRUCTIONS. The instructions have been examined, and held free from error.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. Affirmed.

C. A. Magow, T. W. Bockes and D. F. Smith, for appellant.

J. C. Cook and John Gumb, Jr., contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

MORRISSEY, C. J.

Plaintiff brought this action against defendant to recover

damages sustained in a collision between his automobile and one of defendant's trains at what is referred to as the "Bell street crossing," which is located immediately outside the limits of the city of Fremont. Defendant operated a railroad system consisting of two main-line tracks and two side-tracks, or passing tracks, over and across Bell street. In a general way, these lines of track ran from east to west, while the general course of Bell street is from north to south. The collision occurred about 10 o'clock in the morning. Plaintiff alleges that he drove his automobile down Bell street in the usual way, and that before crossing any of defendant's tracks he attempted to ascertain that the crossing was clear, but that there was then standing upon the north passing track, immediately to the west of the street intersection, a string of freight cars, and that this string of cars so obstructed his view of the main-line tracks that he could not determine whether or not a train was approaching over either of them from the west until after he had driven upon the north passing track; that he then looked to the west, but neither saw nor heard a train coming from that direction, but immediately, and as he was proceeding upon his way, he saw a train coming from the east less than two blocks distant from the crossing; that this train was on the south passing track; that he proceeded on his way with his attention fixed upon the train approaching from the east, and when his automobile reached the south main-line track it was struck by one of defendant's east-bound trains, which inflicted the injuries for which plaintiff seeks a recovery. It is alleged that this train was operated at a high rate of speed; that neither the bell was rung nor the whistle blown to give warning of its approach, and that plaintiff was without knowledge of its approach prior to the collision.

The answer, so far as material, contains a general denial of negligence on the part of defendant coupled with a plea of negligence on the part of plaintiff.

From a verdict and judgment in favor of plaintiff, de-defendant appeals.

Hall v. Union P. R. Co.

The first point to be determined is whether or not the trial court should have directed a verdict in favor of defendant at the close of plaintiff's case. Plaintiff testified that, when he reached a point where by looking he might see, he looked to the west from whence the train causing the injury came, but saw no train coming from that direction; that his attention was immediately attracted by a train approaching from the east, and that as the automobile covered the short distance, approximately 30 feet, if we correctly understand the record, between the point where he looked to the west and the point where he was struck, he did not again look to the west. We do not know, and in fact in such cases it is well-nigh impossible to determine absolutely, the rate at which the automobile was moving, nor the exact time required to cover the distance, but, in any event, it would have to be reckoned in seconds or fractions thereof.

In undertaking to cross a line of railroad, a person is bound to exercise caution and be watchful for the approach of a train from any direction from which one may come, yet, there may be circumstances which will excuse his failure for a brief period to look in every such direction, and if he suffers injury thereby, his negligence, if any, is ordinarily a question of fact for the determination of a jury.

The testimony of plaintiff and his witnesses shows that the train was operated at a high rate of speed, and, although in a negative form, that no bell was rung nor whistle blown.

"In determining whether a peremptory instruction was justified, the party against whom the verdict is directed is entitled to have every controverted question of fact resolved in his favor, and to have the benefit of every inference that reasonably can be deduced from the facts in evidence." *Schmelzel v. Leecy*, 104 Neb. 672.

Under this rule, before the court could have withdrawn the case from the jury, it would have to accept as true plaintiff's story as to the approach of a train from the east which might, or might not, be sufficient to excuse him for

his failure to have kept a more constant watch for the approach of a train from the west, and that the train was operated, as alleged by plaintiff, without a bell being rung or a whistle blown to give warning of its approach, which would be sufficient evidence to sustain a finding that defendant was guilty of negligence in the operation of its train. The court would then have had to find that reasonable minds could not differ on the question as to whether or not the negligence of plaintiff, if any, in failing to look to the west as well as to the east for the brief period mentioned was more than slight, and the negligence, if any, of defendant in operating its train without ringing a bell or blowing a whistle to give warning of its approach to the street intersection was gross in comparison. *Francis v. Lincoln Traction Co.*, 106 Neb. 243. We are constrained to hold that the court did not err in submitting the case to the jury for its determination, and that the evidence is sufficient to sustain the verdict returned.

Complaint is made of certain of the instructions given, but, when the whole charge is read, it is apparent that there is no reversible error to be found therein.

For the reasons stated, the judgment is

AFFIRMED.