Boomer v. Lancaster County.

Note—See Municipal Corporations, 28 Cyc. 990 n. 61; 1010 n. 3; 1011 n. 4, 9.

LUCILE BOOMER, APPELLANT, V. LANCASTER COUNTY, APPELLEE.

FILED MARCH 1, 1927.   No. 24646.

Negligence: DIRECTION OF VERDICT. In the trial of a personal injury case to a jury, where negligence forms the basis of the recovery sought, and the defense interposed is a denial and contributory negligence on the part of the plaintiff, and where from the facts and circumstances proved reasonable minds might draw different conclusions concerning the negligence or lack of negligence of the respective parties, it is error to sustain a motion for an instructed verdict.

APPEAL from the district court for Lancaster county: JEFFERSON H. BROADY, JUDGE. *Reversed.*

*C. J. Campbell* and *Harry R. Ankeny,* for appellant.

*Charles E. Matson, Max G. Towle* and *Farley Young,* contra.

Heard before Goss, C. J., Rose, Dean, Good, Thompson and Eberly, JJ.

Thompson, J.

Plaintiff sues to recover damages occasioned by the alleged negligence of defendant county to keep one of its highways in reasonably safe condition for public travel. Defendant admitted its duty to maintain the highway in such condition, denied negligence, and pleaded contributory negligence on part of plaintiff, which latter was denied by her. At the conclusion of plaintiff's evidence, defendant interposed a motion for a directed verdict, which was sustained and case dismissed. From this judgment plaintiff appeals, and for reversal presents as error the sustaining of such motion.

As to the law applicable to such a motion: In *Wheeler v. Abbott,* 89 Neb. 455, we held: "Where upon a jury trial, at the close of plaintiff's evidence, the defendant moved the court for a directed verdict in his favor, the motion must, for the purpose of a decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted and all proper inferences to be drawn therefrom." This holding was approved by us in *Schmelzel v. Leecy,* 104 Neb. 672, and in *Hall v. Union P. R Co.,* 113 Neb. 9.

The facts as reflected by the record are: That plaintiff is a minor; that the highway in question extends south on Fourteenth street of the city of Lincoln to the south line of Lancaster county and beyond; that at about five miles south of the corporate limits of such city there has been at the times mentioned herein a concrete bridge or culvert which crosses such highway at right angles; that Fourteenth street is paved and the highway for three-fourths of a mile beyond the city limits, and from there on is a graded road; that this highway is a main traveled way leading to and from Lincoln; that some 30 days or more prior to the date of the injury the county undertook to improve the

highway by repairing such bridge or culvert, and in furtherance thereof erected at about the center of the highway, and at the immediate end of the paving, a sign on a post, on which was printed, in plain letters on the north side thereof, "Road closed," and at either side of such post running therefrom to the outer line of the street a barricade of boards was erected by the county to such an extent as to prevent travel over or around the same; that about six miles south of the end of the paving a similar sign was erected; that while thus barricaded Mr. Robb, the driver of the automobile at the time here in question, drove to the end of the paving from the north, and, finding the highway closed, retraced his course on Fourteenth street; that in the meantime the county had removed a part of the culvert, leaving the concrete guard and post at the extreme west end thereof intact, and had filled in with loose dirt where the culvert had been removed to a width sufficient to accommodate an automobile, so as to permit public travel over and upon the same, and had piled loose dirt to a height of about six feet in about the center of the highway at that place; that in passing over the opening thus made for travel, in going in and out of the same with an automobile or team, one had to make, as some of the witnesses said, "a hairpin curve," and others, "a staple curve;" that the bed of this curve was rough, and on the night in question within this curve "there was a raise in the road, a bump, about the size of a bushel basket;" that, to warn travelers of the dangerous condition of the curve, a light had been placed on the loose dirt piled as aforestated in the middle of the original highway, but in such a way, as some testified, as not to leave such light visible to those approaching from the north, and by others as being visible from the north when viewed from a certain point, but then not plainly so, owing to the position the light occupied; that at the time in question, the evening of August 13, 1924, Walter Larson and Donald Robb decided on an automobile ride, each having had considerable experience in driving automobiles, including the car in question, which Larson took, and with Robb, proceed-

ed to gather up the party; that plaintiff was invited by Larson as his guest; that the evening was cloudy; that the party started south down Fourteenth street, Larson driving and plaintiff occupying the front seat with him, the other members of the party all in the rear seat; that they arrived at the end of the paving and found that the barricades on each side of the post had been removed, but the post with the sign thereon remained standing, and on either side thereof were well-traveled tracks obviously made by recent automobile travel, an automobile traveling south just preceding them; that Larson called attention to the sign, and Robb said, in substance, that about a month before when he was there barricades extended across the entire road, and from the foregoing facts he concluded that the road was then open to public travel, and the county had failed to remove the sign; thus, they decided to proceed, and did so for a distance, when Larson and plaintiff took the rear seat and Robb and a Miss Mitchell took the front seat, Robb driving the car about a mile and a half at a reasonable rate of speed (the road being in good condition up to the place of the accident), until within 30 feet of the culvert, when he and others dimly observed the pile of loose dirt, but did not see the light; that he applied the brakes and reduced the speed to about 15 miles, turned into the curve, and a wheel struck the pile of dirt in the road, which caused the automobile to swerve and strike the concrete post on the west with such force as to throw the plaintiff out of the automobile, causing the injury complained of. The evidence further shows that the "Road closed" sign which had been placed some miles south of the culvert by the county had also been displaced and was lying flat on the ground, and that public travel both from north and south was proceeding unmolested and without warning other than as herein indicated, on that day and before.

From the record as thus disclosed, it will be seen that plaintiff was not engaged in a joint enterprise, but was simply an invited guest, and was without control over the driver. *Jessup v. Davis, ante,* p. 1; *Reudelhuber v. Doug-*

*las County*, 100 Neb. 687; *Loso v. Lancaster County*, 77 Neb. 466.

Further, it is plain that reasonable minds might draw different conclusions as to whether or not either or both of these contesting parties were guilty of negligence. Therefore, such question was one of fact and should have been submitted to the jury under proper instructions, and not determined by the trial court as a matter of law. *McLean v. Omaha & Council Bluffs Railway & Bridge Co.*, 72 Neb. 450; *Craig v. Chicago, St. P., M. & O. R. Co.*, 97 Neb. 426.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

ROSE, J., dissenting.

In the view which I take of the evidence, the action was properly dismissed.