ALEX PLOTKIN ET AL., APPELLANTS, V. CHECKER CAB COM-
PANY, APPELLEE.
274 N. W. 198

FILED JUNE 18, 1937.   No. 30001.

*Leon & White* and *Gordon Diesing,* for appellants.

*Johnsen, Gross & Crawford, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and
CARTER, JJ., and LIGHTNER, District Judge.

GOSS, C. J.

Plaintiffs appealed because, at the conclusion of evidence
on their behalf, the court instructed a verdict for defendant
and dismissed the petition.

(1)

Plaintiffs asked for damages to their grocery truck, which was injured in a collision with defendant's cab in the intersection of Twenty-second and Pierce streets in Omaha, about 6:30 p. m. December 8, 1934. Plaintiffs' truck was being driven north and defendant's cab was being driven east and down a sloping street. Both had their lights on. The streets were slippery.

Edward Britton, driver of plaintiffs' truck, testified that he approached the intersection at 15 miles an hour, honked his horn when about 40 feet away and slowed down five or ten miles an hour; he saw defendant's cab about 100 feet west of the intersection; when he was nearly through the intersection and the rear of the truck was still in the center thereof, defendant's cab struck the rear left fender and wheel of the truck and swung it in a northeasterly direction so that it crashed against a pole on the northeast corner of the intersection. The evidence showed that the greater amount of damage was done to the right side of the truck when it crashed with the pole but indicates the collision was between the front end of the cab and the rear left of the truck.

There was testimony that the cab followed the general direction of the truck and when the cars came to rest was headed in approximately the same general direction of the truck and behind it. It may be that this relative location of the truck and car caused the trial judge, in sustaining the motion for a directed verdict, to say: "In my opinion the physical facts in this case bar a recovery and show that the collision could not have occurred as the testimony states. I will sustain the motion."

We have read the entire record and are unable to agree that the physical facts bar a recovery or that the evidence before the jury shows as a matter of law that plaintiffs did not furnish sufficient evidence to support a verdict in their favor if the jury had been permitted to pass upon the evidence and had reached such a verdict.

There was testimony of Britton, the driver, corroborated by Kennedy, his helper, who was with him, that plaintiffs'

truck entered the intersection first. Ordinarily, a vehicle which enters an intersection first and is on the right of the other vehicle has the right of way: "When two motor vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right except as otherwise provided in section 18." (The exceptions are not applicable here.) Comp. St. Supp. 1935, sec. 39-1148. So it was a question of fact, to be settled by a jury, whether the cab struck plaintiffs' truck in such a manner and at such a place in the intersection as to indicate actionable negligence.

There were four acts of negligence pleaded as against defendant: (1) Negligent and unlawful speed; (2) that the driver of the car did not have it under control; (3) that the driver of the cab did not maintain a proper lookout; and (4) that the driver of the cab was driving it to the left of the center of the highway. The testimony which we have so briefly abstracted would be sufficient to support a verdict indicating negligence in one or both of charges numbered 2 and 3 above listed. The physical facts that the truck ran over to the right and that much of its damage was done to its right side, and that the cab was over in that proximity and headed in the same general direction, are not physical facts from which it may be inferred that defendant must be freed from liability as a matter of law. And that is apparently the basis of the court's judgment in directing a verdict for defendant. "Where from the facts and circumstances proved reasonable minds might draw different conclusions concerning the negligence or lack of negligence of the respective parties, it is error to sustain a motion for an instructed verdict." *Boomer v. Lancaster County,* 115 Neb. 295, 212 N. W. 613. See *Bainter v. Appel,* 124 Neb. 40, 245 N. W. 16.

We are of the opinion that the trial court erred in directing a verdict for defendant. The judgment is reversed and the cause remanded for a new trial.

REVERSED.