WILLIAM M. KIMBLE, APPELLANT, v. CLYDE A. ROEDER, APPELLEE.

FILED MAY 7, 1927.   No. 24763.

</div>

1. Appeal: DISMISSAL: REVIEW. Where the district court excuses the jury and dismisses the action after admitting proof by each party, the appellate court, in reviewing the decision, will assume the existence of every material fact which the evidence on behalf of plaintiff establishes or tends to prove and give him the benefit of proper inferences therefrom.

2. Trial: EVIDENCE: QUESTIONS FOR JURY: Where the evidence is conflicting on the trial of a controverted issue of fact. the credibility of witnesses and the probative effect of their testimony are questions for the jury.

3. ———: DISMISSAL. Where the evidence is sufficient to sustain a verdict in favor of plaintiff on a material issue of fact raised by the pleadings, it is error to excuse the jury and dismiss the action.

4. Physicians and Surgeons: MALPRACTICE: EVIDENCE. Physicians

and surgeons performing an exploratory operation resulting in the removal of a kidney cannot, as a matter of law, defeat an action for malpractice by testimony that, possessing ordinary knowledge and skill, they unanimously determined on the course pursued in the exercise of their best judgment, if they did not in fact use ordinary care in making their diagnosis after exposing the kidney and if they were in fact chargeable with negligence in removing it.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Reversed.*

*J. E. Daly* and *J. J. Harrington,* for appellant.

*Gurley, Fitch & West* and *F. A. Wright, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is an action to recover damages in the sum of $87,600 for malpractice by defendant as physician and surgeon. Defendant denied the negligence with which he was charged in the petition. The cause was tried to a jury. Evidence on both sides was adduced at great length. Over 3,600 questions were propounded to witnesses and the proofs covered more than 700 pages of the record. After the parties rested, the trial court on motion of defendant excused the jury and dismissed the action. Plaintiff appealed.

The appeal presents the involuntary nonsuit for review. Owing to the nature of the charges against defendant and the volume and character of the testimony, grave questions searching all the evidence were submitted to the trial court. The review also requires consideration of the evidence from every standpoint, but details to which the parties resorted in the trial, in the briefs and in the arguments must necessarily be avoided in expressing the views of the appellate court.

Plaintiff, a resident of Dodge county, became suddenly

and critically ill January 20, 1921. Doctors E. A. Buchanan and H. C. Pederson of Fremont were called to attend him. They were unable to make a definite or satisfactory diagnosis. Suspecting kidney trouble requiring surgery, defendant was called into the case as an expert in that branch of the medical profession. At different times cystoscopic examinations of plaintiff's bladder and kidneys were made by different physicians. In efforts to determine the nature of the disorder the X-ray was used. Specialists in different lines of practice examined plaintiff and made reports to defendant, who, by means of an incision February 19, 1921, explored the right side of plaintiff's abdomen, including the right kidney, without discovering the disturbing cause. Plaintiff remained in a serious condition until June 6, 1921, when Buchanan and Pederson, suspecting an abscess in the left kidney, inserted needles without finding pus. They consulted with defendant June 7, 1921. Fearing an infection of the left kidney, they all agreed that an exploratory operation in the region thereof was necessary. With the assistance of Buchanan and Pederson, this operation was performed by defendant at the Fremont Hospital, in Fremont, June 9, 1921. The left kidney was exposed for examination and removed.

Negligence in the diagnosis after the left kidney was exposed and in the permanent removal of that organ without sufficient cause were controverted issues in the case. In testing the sufficiency of the evidence for the purpose of reviewing a compulsory nonsuit, the court is committed to the following rule: Where the district court excuses the jury and dismisses the action after admitting proof by each party, the appellate court, in reviewing the decision, will assume the existence of every material fact which the evidence on behalf of plaintiff establishes or tends to prove and give him the benefit of proper inferences therefrom. *Central Nat. Bank v. Ericson,* 92 Neb. 396; *Nothdurft v. City of Lincoln,* 66 Neb. 434; *Paxton v. State,* 59 Neb. 460; *Harris v. Lincoln Traction Co.,* 78 Neb. 681; *Tate & Ehr-*

*hardt v. Loney,* 85 Neb. 559; *Schmelzel v. Leecy,* 104 Neb. 672; *O'Hara v. Hines,* 108 Neb. 74; *Shawnee State Bank v. Lydick,* 109 Neb. 76; *Traphagen v. Lincoln Traction Co.,* 110 Neb. 855; *Hall v. Union P. R. Co.,* 113 Neb. 9.

In the present case there was evidence tending to prove that the left kidney, when raised to the surface of plaintiff's body for examination during the exploratory operation, did not disclose pus visible to the naked eye, and that defendant failed to require a microscopic examination for indications of infection. There was other evidence tending to prove that the capsule of the kidney and the surrounding tissues did not disclose the presence of pus. There is also testimony, if believed by the jury, sufficient to create the inference that the actual condition of the left kidney and of the surrounding region did not necessitate the removal of that organ, and that defendant did not exercise ordinary skill and care in making a diagnosis and in removing the kidney after exposing it for examination. The necessity for an exploratory operation implied lack of definite information disclosing the real cause of plaintiff's abnormal condition and required the usual and ordinary care exercised in making a diagnosis in view of the additional knowledge acquired by the exploration. On this issue the witnesses did not agree. Where the evidence is conflicting on the trial of a controverted issue of fact, the credibility of witnesses and the probative effect of their testimony are questions for the jury.

Where the evidence is sufficient to sustain a verdict in favor of plaintiff on a material issue of fact raised by the pleadings, it is error to excuse the jury and dismiss the action.

In behalf of defendant it is argued that the three operating physicians and surgeons used their best judgment with full knowledge of the history of the case and of former explorations, examinations, observations, treatments and conditions. Physicians and surgeons performing an exploratory operation resulting in the removal of a kidney

cannot, as a matter of law, defeat an action for malpractice by testimony that, possessing ordinary knowledge and skill, they unanimously determined on the course pursued in the exercise of their best judgment, if they did not in fact use ordinary care in making their diagnosis after exposing the kidney and if they were in fact chargeable with negligence in removing it.

For error in failing to submit issues of fact to the jury, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.