## STATE OF NEBRASKA V. JAMES HAVEL.

FILED MARCH 20, 1931. No. 27627.

*Guy A. Hamilton,* for plaintiff in error.

*Sloans, Keenan & Corbitt* and *Bartos, Bartos & Placek,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

The county attorney of Fillmore county presents to the supreme court the bill of exceptions taken under the provision of the Code for the decision of such court upon the points presented therein under section 29-2314, Comp. St. 1929. One Havel was charged with contempt of court in that he had committed the offense of subornation of perjury in another action previously tried in the same court and before the same trial judge. Upon a trial upon the charge of contempt, at the close of the state's case, a demurrer to the evidence by the defendant was sustained by the trial court.

The record presents this question for our determination: Should the demurrer to the evidence have been sustained? This court will not consider the credibility of witnesses or the weight of testimony in passing on a de-

murrer to the evidence. In passing upon the question as to the sufficiency of the evidence to support plaintiff's cause, on a demurrer thereto, the court will draw every reasonable inference from the facts in evidence that may be indulged in favor of the cause of action. If there is any competent evidence tending to support the issues, the sustaining of the demurrer is erroneous. The same rule applies as in the case of a dismissal, nonsuit, or direction of verdict. This rule is established in this state in numerous cases. *Paxton v. State,* 59 Neb. 460; *Nothdurft v. City of Lincoln,* 66 Neb. 430; *Central Nat. Bank v. Ericson,* 92 Neb. 396; *Schmelzel v. Leecy,* 104 Neb. 672; *Kimble v. Roeder,* 115 Neb. 589.

Simply expressed, the state's evidence, to which defendant demurred, conclusively shows that, at the time when the defendant induced certain witnesses to testify falsely, the action was pending in the county court. The transcript of the proceedings in the county court had not yet been filed in the district court, and thereafter, upon a trial of said cause, defendant called these witnesses to testify in his behalf. When he called the witnesses to testify in his behalf and they testified falsely, in accordance with arrangements theretofore made, the contempt was committed. When one induces and arranges with and influences witnesses to testify falsely in an action not then pending, and in accordance with said plans, at the time of the trial, calls the said witnesses to testify in his behalf and they testify falsely, such action constitutes contempt.

The procuring of false testimony hinders and interferes with the administration of justice. It puts the witnesses and the procurer in the position of standing out against the authority of the court and defeats its effort and purpose to do justice between the parties. It follows that the ruling of the trial judge was erroneous and the exception thereto by the county attorney ought to be sustained.

The state's attorney asks that we remand the cause for further proceedings. This cannot be done. In a case brought to this court under the provisions of section 29-2314, Comp. St. 1929, permitting the county attorney to

present exceptions to the rulings of the trial judge, in a criminal case, where the defendant was acquitted, the only function of the court is to determine the law of the case. *State v. Badberg,* 108 Neb. 816.

EXCEPTIONS SUSTAINED.

GOOD and EBERLY, JJ., dissent solely on the ground that, in view of the nature of the proceeding, this court has no jurisdiction to determine the question presented.