JENNIE ZIELINSKI, APPELLANT, V. ROBERT L. DOLAN ET AL., APPELLEES.

FILED MAY 22, 1934. No. 28935.

*A. Zaleski* and *O'Sullivan & Southard*, for appellant.

*M. L. Donovan, Crofoot, Fraser, Connolly & Stryker,*

*Fradenburg, Stalmaster & Beber, O. T. Doerr, P. M. Klutznick, E. J. Shoemaker, W. W. Wenstrand* and *Kennedy, Holland & DeLacy, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY and PAINE, JJ.

PAINE, J.

This is an action for damages for personal injuries sustained by the plaintiff, Jennie Zielinski, at about 8:30 a. m., Sunday, November 22, 1931, when she was struck by an automobile driven by the defendant Raymond Haney, when she was about to alight from a street car at Thirteenth street and Deer Park boulevard in the city of Omaha.

The plaintiff, in her second amended petition, charges that the defendant Raymond Haney was a minor, 15 years of age, at the time of the accident; that Robert L. Dolan was the owner of the Chevrolet roadster involved, and was employed by the Omaha Ice & Cold Storage Company as manager of its South Omaha sales plant, and was directed by said company to deposit money, received from the sale of its ice, in the Packers National Bank, on Saturday evenings and Sundays and holidays, by means of a key which opened an outside deposit box in said bank for such deposits when the bank was not open. That on the day of the accident Mr. Dolan forgot to bring this key to the ice office, and sent the boy, Raymond Haney, to his home in his car to get said key.

That the defendant Kritenbrink Brick Company had been using a number of trucks, hauling loose dirt on the street at the place where the accident occurred, for several months immediately prior thereto, including the preceding day. That through its employees it negligently and carelessly allowed this loose dirt to be spilled over the street, to a depth in places of three inches thick, thereby violating section 3 of ordinance No. 5515 of the city of Omaha, which was then in full force and effect, and provided: "It shall be the duty of any person, com-

pany or corporation engaged in hauling earth over, along or across any part of any paved street or alley in the city of Omaha in pursuance of a permit as heretofore outlined, to use wagons for hauling such earth of such construction as the street commissioner may approve, and to so load such wagons in such manner and to so clean them after unloading, as to prevent the spilling or wasting of earth therefrom in passing over the streets and alleys, and it shall be the duty of such person, company or corporation holding such permit, during the progress of such work, to keep the paved streets and alleys over which dirt shall be hauled by them, free from any dirt that may accidentally, or otherwise, be spilled upon pavements, gutters or sidewalks, and properly clean the same when required by the street commissioner." It was further alleged that it rained and sleeted Saturday night, and up to about 9 o'clock Sunday morning, causing that part of Thirteenth street to become wet, slippery, muddy, sleek, and dangerous to travel, and that the Kritenbrink Brick Company, defendant, by the exercise of ordinary care, should have known and foreseen that spilling of this loose dirt, and failure to remove the same, constituted such a danger under such conditions of wet weather.

That the plaintiff was a fare-paying passenger upon a one-man street car, in which the vestibule at the front was not partitioned off by any inclosure separating it from the rest of the car. That the plaintiff signaled the car to stop at Thirteenth street and Deer Park boulevard, to enable her to transfer to a Tenth street car. That she proceeded to the front end of the car, stepped down into the vestibule, and the motorman opened the exit door. That she stood just ready to alight when the approaching automobile driven by Raymond Haney crashed into the street car door, tore part of the door off, and the step along with it, and caught the plaintiff's right foot and leg between the door and the step, and sheared it off just below the knee to such an extent that it had to be amputated. That this automobile careened and skidded in the

slime and mud from one side of the street to the other, and was going at an excess of 30 miles an hour, and failed to stop, as required by law, when street cars were letting off passengers where there was no safety zone, and, as a result of various acts of negligence, the plaintiff suffered the loss of her right leg, a severe nervous shock, excruciating pain, sustained bruises over her body, and has had to endure several operations upon the leg. That at the time she was 22 years of age; had a life expectancy of 40 years; had been employed by Loose-Wiles Biscuit Company, earning $12 to $18 a week. That she had been permanently injured and crippled, and sustained damages in the sum of $50,000.

That the Kritenbrink Brick Company, hereafter called the Brick Company, filed its answer, alleging that the accident was caused by the negligence and carelessness of Raymond Haney, and denies that it is responsible in any way for said accident. Answers were also filed by several of the defendants.

At the close of the plaintiff's evidence, each of the defendants moved the court to dismiss the cause of action for want of sufficient evidence, and the court sustained the separate motions of the Omaha & Council Bluffs Street Railway Company, a corporation, hereafter called the Street Railway Company, the Brick Company, a corporation, the Omaha Ice & Cold Storage Company, hereafter called the Storage Company, and overruled such motions as to Robert L. Dolan and Raymond Haney. On February 18, 1933, the jury returned a verdict into court in the sum of $5,000, and against Robert L. Dolan and Raymond Haney, and judgment was entered in favor of the plaintiff against the two defendants named. Thereupon, a motion for a new trial was filed by Robert L. Dolan. The plaintiff also filed separate motions for new trial against the Street Railway Company, the Brick Company, the Storage Company, and Robert L. Dolan and Raymond Haney. The only defendants appearing by attorneys, and filing briefs in this court, were the Street Railway Com-

pany, the Storage Company, and the Brick Company.

We will now examine the evidence relating to negligence charged against the Brick Company. John Leeder, a florist, who owned and operated a flower house at the northwest corner of the intersection, where the accident occurred, testified that there is an incline both ways; that Thirteenth street is paved with brick, and that the Brick Company had an electric shovel in operation at Thirteenth and A streets, about a block south of the boulevard; that this electric shovel had been located at that place for about a month, excavating and hauling clay in trucks along the east side of Thirteenth street; that the clay was piled on these large trucks to a depth of about two feet above the sides of the trucks; that they had hauled clay until about 5 o'clock on Saturday afternoon before the accident; that he saw this clay dropping off of the trucks in front of his place of business and along the street; that at one place near this intersection there was a good wheelbarrowful that had dropped off from a truck; that it was yellow clay; that by Sunday morning it was all wet. That he was just coming out of the door of his house, heard a crash, and woman scream, and ran over there. That her leg was badly cut, and the car door was gone. That it was drizzling at the time, and the pavement was wet and very slippery, and he could see where the automobile had tried to stop behind the street car and skidded to the east side of Thirteenth street and then back to the side of the street car, and that the skid marks were easily seen, and immediately after the accident he called Dean Noyes, city commissioner in charge of streets, and told him there was an awful accident, and asked him to have the street flushed, as the street was in terrible condition. He testified that the Brick Company was the only one who hauled this loose clay over Thirteenth street. Bert Munchoff, a married man, lived just opposite the clay bank that the Brick Company was grading down. He testified that on Saturday night, in going home in the mist or rain, he almost fell down in the slush and mud

on the street near this point. He said the trucks of this defendant were hauling during all the week prior to the accident, and that they moved from 3½ to 4 yards of clay to a load, and heaped the trucks high in the center, and more or less dirt fell off of the trucks. He testified that the clay bank opposite his house, which was being graded down, was about 20 feet high. Others testified to the same condition as to the clay being scattered over the street at this place, and the rain which turned it to slime and sleek mud. Others testified that they drove their cars over this spot this Sunday morning, and the cars would skid and slip, even when going slowly, with the most careful driving.

Raymond Haney testified that he was 15 years old at the time of the accident, and did not have a driver's license.

After the plaintiff had rested, the court stated that the plaintiff had not produced evidence to show what caused Haney to lose control of his car, and the plaintiff asked leave of court to withdraw her rest as to the defendant Brick Company, and to call Raymond Haney to the witness-stand to testify to the condition of the street over which he traveled just before the accident. This the court refused to do. An affidavit of Raymond Haney, in support of a motion for new trial, was introduced and made a part of the record, and is found in the bill of exceptions. He stated that, as he came over the top of the hill, at about 25 miles an hour, he noticed the street car was approximately half way down the hill, and he came to a thin layer of mud. When nearing the intersection at the bottom of the hill, the street car seemed as if it were going to continue across, but the motorman suddenly applied the brakes and stopped the car. He applied his brakes and turned the wheels, but the automobile continued to skid towards the curb, and hit the curb, jerked the wheel out of his hands, and skidded back towards the street car. He tried to turn the wheel, to avoid colliding with the street car, but the automobile

continued to skid into and hit the street car. The thin layer of mud was practically continuous on the east side of Thirteenth street. The speed of his car was approximately 20 miles an hour at the time he collided with the street car. The windshield wiper was working all right, and there was mist at the time.

C. E. Wright, sales supervisor of the Hoover Company, Mrs. Charlotte LaTowsky, and John M. Roubal, auditor of the Woodmen of the World, who live in the immediate vicinity, had great difficulty in driving their automobiles, near the time and place of the accident, over the muddy, slippery, and greasy road, caused by this clay spilling off from the trucks of the Brick Company.

It was not necessary that the plaintiff prove that the negligence of the Brick Company was the sole proximate cause of plaintiff's injury. We hold that, if separate, independent acts of negligence combine to produce a single injury, each is responsible for the entire result, even though the negligent act of any one of the defendants alone might not have caused the injury. *O'Neill v. Rovatsos,* 114 Neb. 142; *Schweppe v. Uhl,* 97 Neb. 328; *Robertson v. Chicago, B. & Q. R. Co.,* 108 Neb. 569; *Olson v. Hansen,* 122 Neb. 492; *Koehn v. City of Hastings,* 114 Neb. 106.

The trial court sustained the motion of the Brick Company for an instructed verdict at the close of the plaintiff's testimony. This ruling has given this court considerable difficulty. We believe that sufficient facts were alleged against the Brick Company in the second amended petition to withstand a demurrer. After the plaintiff's evidence is taken, then a motion to dismiss a defendant is, in effect, a demurrer to the evidence. Therefore, the court must consider all the facts testified to by plaintiff's witnesses as established, together with all inferences which can logically be drawn therefrom. *Harris v. Lincoln Traction Co.,* 78 Neb. 681; *Kimble v. Roeder,* 115 Neb. 589. We have even said it was error if there is competent evidence from which the alleged facts may

reasonably be inferred. *Interstate Airlines v. Arnold*, 124 Neb. 546; *Thamann v. Merritt*, 107 Neb. 602.

The judgment of the trial court dismissing the cause as to the Omaha & Council Bluffs Street Railway Company, and also as to the Omaha Ice & Cold Storage Company, is affirmed. We find that the entry of the judgment of dismissal of the Kritenbrink Brick Company was an error, which dismissal is hereby set aside, and said cause is reversed and remanded for a new trial as against the defendant Kritenbrink Brick Company.

AFFIRMED IN PART, AND REVERSED IN PART.