EDITH C. ROGERS, APPELLANT, V. FLOSSIE J. BROWN, APPELLEE.

FILED MAY 10, 1935.  No. 29261.

*Frank S. Howell* and *George M. Tunison,* for appellant.

*Ziegler & Dunn* and *William Stalmaster, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

Edith C. Rogers, plaintiff, while a gratuitous guest in an automobile owned and operated by Flossie J. Brown, defendant, was injured when it collided with another car at the intersection of Farnam street and Turner boulevard in the city of Omaha, February 27, 1932, and brought this action to recover resulting damages in the sum of $8,300, charging defendant with gross negligence causing the collision.

The petition contains two causes of action, one for personal injuries to plaintiff and the other for expenses and liabilities incurred by her husband for her medical and hospital care, the claim therefor having been assigned to her. The charges of gross negligence are elaborately pleaded in the petition, but may be outlined as follows:

Violation by defendant of statute and city ordinances in so operating her car, without regard to the condition of traffic, as to endanger life and limb of other persons; in passing in a congested intersection other vehicles going in the same direction; in driving faster than 12 miles an hour while attempting to cross an intersection in a congested district; in disregarding the traffic signal "slow" near an intersection congested with traffic; in failing to signal other motorists of her intention to pass in the intersection cars going in the same direction; in neglecting to apply brakes or to change defendant's course in the presence of danger in order to prevent a collision. The defenses interposed by defendant are summarized by her as follows:

"Defendant's answer to said petition is a general denial, together with a further allegation that the plaintiff at no time, up until the occurrence of the accident, made any complaint, protest or objection to the defendant with reference to the manner or speed at which defendant was driving the car, and did not direct defendant's attention to any approaching car until possibly one or two seconds before the accident actually occurred."

The reply to the answer was a general denial. After plaintiff introduced her evidence and rested, defendant moved for a directed verdict in her favor on the ground that gross negligence of the latter as the cause of the collision was not proved. This motion was sustained and from a resulting dismissal of the action plaintiff appealed.

The question presented by the appeal is the sufficiency of the evidence to make a *prima facie* case in favor of plaintiff for the consideration of the jury, notwithstanding the statute providing that an unintoxicated owner or operator of a motor vehicle shall not be liable in damages to a gratuitous guest except for gross negligence. Comp. St. Supp. 1933, sec. 39-1129. The term "gross negligence" as thus used has been defined to mean "negligence in a very high degree, or the absence of even slight care in the performance of a duty." *Morris v. Erskine,* 124 Neb. 754; *Gilbert v. Bryant,* 125 Neb. 731; *Swengil v. Martin,* 125

Neb. 745; *McDonald v. Wright,* 125 Neb. 871; *Sheehy v. Abboud,* 126 Neb. 554; *Thurston v. Carrigan,* 127 Neb. 625. The remedy of a motorist's guest for negligence resulting in personal injuries, as protected by the constitutional provision, that "every person, for any injury done him in his lands, goods, person, or reputation, shall have a remedy by due course of law," was not taken away by the guest law. Const. art. I, sec. 13; Comp. St. Supp. 1933, sec. 39-1129. The legislature merely changed the degree of proof essential to a recovery for damages. "In reviewing a peremptory instruction in favor of defendant, issuable facts, which the evidence in favor of plaintiff tends to prove, will be regarded as established." *Gilbert v. Bryant,* 125 Neb. 731. Proper inferences from such facts may be considered also. With these rules of law in mind, the testimony on the issue of gross negligence requires judicial scrutiny.

The evidence adduced by plaintiff tends to prove the following facts: Farnam street, Omaha, runs east and west and is 100 feet wide between curbs, with two street car tracks extending lengthwise near the center. Turner boulevard, 66 feet wide between curbs, runs nearly north and south and crosses Farnam street almost at right angles. Both are main public thoroughfares carrying heavy traffic. On the evening of February 27, 1932, Edith C. Rogers, plaintiff, and her husband, dined with Flossie J. Brown, defendant, and her husband. After dinner, defendant, in a five-passenger Dodge sedan owned and operated by her, with her husband and with plaintiff and the latter's husband as gratuitous guests, started with them for their home. The men occupied the rear seat. Plaintiff sat in the front seat beside defendant. The latter drove into Farnam street from the south and turned west on the north side. Not far from the center of the intersection of Farnam street and Turner boulevard, close to the north rail of the north street car track, the Dodge sedan collided with a car operated by Harry Hodge who had driven east on the south side of Farnam street and had made a left

turn across the street car tracks, intending to go from the intersection north on Turner boulevard. As a result of the collision plaintiff suffered personal injuries and pecuniary damages. The streets were dry. Darkness had come on, but there were street lights at the crossing and there were headlights on each of the colliding cars.

As defendant approached the intersection cars were coming towards it from north, south, east and west. When within perhaps 200 feet of the crossing, defendant was following three or four other cars going west on the north side of Farnam street in the same line of travel. When approximately 100 feet east of Turner boulevard, defendant said the slow drivers made her tired. She turned south, still on Farnam street, out of her line of travel, passed some of the cars in front of her at a speed of 18 or 20 miles an hour, while one of the cars at least was in the intersection, and swerved slightly to the northwest from the street car tracks toward the line of travel she had left. The right front corner of defendant's sedan struck the right side of Hodge's car. In turning to pass the line of cars ahead, defendant increased her speed to 18 or 20 miles an hour. She exceeded the speed limit of 12 miles an hour at the crossing; failed to sound her horn while passing the cars in front, without knowing which way they would go from the intersection; did not apply brakes or change her course to avoid a collision; operated her car at a speed greater than was reasonable and proper in view of the traffic.

Defendant violated the traffic signal, "slow," and traffic regulations adopted by statute and proved ordinances. Hodge's car, with headlights, coming east on the south side of Farnam street into the intersection and turning north, was in plain view of defendant. Nevertheless she said at the scene of the collision, referring to Hodge, "I didn't see that fellow. Where did he come from?" An impact from a car under control in the rear of defendant's sedan after the collision was averted by prompt application of brakes on the former.

The evidential facts narrated are considered established for the purpose of testing the sufficiency of the evidence to make a *prima facie* case in favor of plaintiff for the consideration of the jury on the issue of gross negligence.

A congested intersection in public streets is a place of danger, if traffic signals and regulations adopted by statute and ordinance are violated. The duty of a motorist at such a place is commensurate with the danger to himself and others. It is the duty of the driver of an automobile in a congested area to keep a lookout for traffic signals and to comply with traffic regulations adopted by statute and ordinance. The traffic signal, "slow," on Farnam street east of the intersection near Turner boulevard called attention of motorists to danger, law and duty. From facts which the evidence tends to prove, it may fairly be inferred that the accident would not have happened, except for defendant's negligent violations of a traffic signal, of traffic regulations and of her own duty. Her impatience with law-respecting motorists in front of her, with their cars under control, when approaching a danger zone of which there was warning, and her subsequent negligence implied a willingness to disregard the traffic signal, traffic regulations and duty. The negligent acts of defendant in the series established for the purposes of review, under the circumstances disclosed by the record, evidenced the absence of even slight care in the performance of duty, and "gross negligence."

The defense that the guest negligently violated her duty to warn the driver of danger and to complain of the manner in which the car was being operated does not, as a matter of law, defeat plaintiff's claim for damages. The following rule was recently adopted:

"Ordinarily, the guest passenger in an automobile has a right to assume that the driver is a reasonably safe and careful driver; and the duty to warn him does not arise until some fact or situation out of the usual and ordinary is presented." *Lewis v. Rapid Transit Lines,* 126 Neb. 158.

Imminent danger from defendant's negligence arose

when Hodge attempted to make a left turn at the intersection. To his approaching car plaintiff called the attention of defendant, who did not change her course or apply the brakes to prevent a collision. There was little time, however, for either warning or for avoiding the accident after Hodge turned northward in the intersection in which defendant was exceeding the speed limit and passing other cars going in the same direction. The issues of warning and complaint raised, at most, questions for the jury and did not justify the nonsuit.

The evidence does not show as a matter of law that what Hodge did at the time was the sole cause of the collision. He testified in effect that, before turning to the north, he indicated his purpose to do so by opening the door on that side of his car and extending his left arm. If he was guilty of negligence, it concurred with that of defendant to produce the collision and cause the resulting damages. It is well-settled law that, where separate, independent acts of negligence by different persons combine to produce a single injury, each participant is liable for the resulting damages, though one of them alone might not have caused the injury. *Schweppe v. Uhl,* 97 Neb. 328; *Robertson v. Chicago, B. & Q. R. Co.,* 108 Neb. 569; *Koehn v. City of Hastings,* 114 Neb. 106; *O'Neill v. Rovatsos,* 114 Neb. 142; *Olson v. Hansen,* 122 Neb. 492; *Zielinski v. Dolan,* 127 Neb. 153.

Though the ruling of the trial court in directing a verdict in favor of defendant was ably and confidently defended in argument as sound, the better view of the evidence and the law seems to be that plaintiff made a *prima facie* case for the consideration of the jury. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.