MARY SERRATORE, APPELLEE, V. CLINTON MILLER, APPEL-
LANT.

FILED MAY 8, 1936. No. 29655.

*Lee R. Kenny* and *Crofoot, Fraser, Connolly & Stryker*, for appellant.

*John A. McKenzie* and *Ben E. Kazlowsky, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and FITZGERALD, District Judge.

GOOD, J.

This is a personal injury action in which plaintiff had judgment, and defendant has appealed.

Plaintiff was injured in a collision between the automobile in which she was riding and one driven by defendant. The collision occurred at the intersection of Twelfth and Bancroft streets in the city of Omaha. Twelfth street runs north and south; Bancroft east and west. The car in which plaintiff was riding was being driven south on Twelfth

street. There were five persons in the car, driven by Concetta Piccolo. Plaintiff was sitting in the rear seat on the left side, with two other girls to her right. It is plaintiff's contention that the car in which she was riding was first to enter the intersection and had the right of way; that the car had proceeded nearly across Bancroft street, the front wheels thereof emerging from Bancroft street, when the rear end of the car was struck by defendant's car, traveling east on Bancroft street. It is charged that the defendant was negligent in driving at an excessive rate of speed; in crossing an intersection at a rate of speed of more than 20 miles an hour, and in that he failed to reduce his speed so as to permit the car in which plaintiff was riding to pass over the intersection in safety.

Defendant denies any negligence on his part, and alleges that plaintiff's injuries were caused by the negligence of Concetta Piccolo, the driver of the car in which plaintiff was riding, and that plaintiff was also guilty of contributory negligence in failing to warn the driver of the approach of defendant's car.

Defendant contends that there should have been an instructed verdict for him, and that the evidence was insufficient to justify a verdict for plaintiff. With this contention we cannot agree. If defendant's evidence were all that was in the record, there might be good grounds for such contention, but the evidence on behalf of the plaintiff tends to prove that the car in which she was riding was first to enter the intersection, had proceeded nearly across the intersection, and, in fact, was emerging therefrom, when the defendant, driving at a high rate of speed—40 miles an hour —struck the right rear end of the car in which plaintiff was riding and caused it to overturn and inflict the injuries of which she complains. Defendant contends that, since plaintiff saw the defendant's car approaching when it was 15 or 20 feet away and failed to give any warning to the driver, she was negligent to such an extent as to prevent a recovery. Plaintiff's evidence was that defendant's car was traveling at the rate of 40 or 45 miles an hour, and that

plaintiff, herself, did not see the car until it was within 15 or 20 feet of the one in which she was riding. It is apparent that less than one-third of a second elapsed after she saw defendant's car until the collision occurred. There was insufficient time for her to give any warning to the driver of the car. There is ample evidence to sustain a verdict for plaintiff, and the court properly refused to direct a verdict for defendant.

Defendant contends that the trial court committed error in giving instruction No. 8. This instruction is long, somewhat involved, and not couched in clear and concise language. It is far from being a model of excellence. However, in effect, it informed the jury that the driver of a car, crossing an intersection and having the right of way, may assume that another car, approaching at right angles, will exercise due care until the contrary is apparent and a collision is imminent if the one having the right of way persists in exercising such right. Under such circumstances, it then becomes the duty of one having the right of way to exercise reasonable care to avoid a collision, even to the extent of waiving his right of way.

The rule is well stated in *Thrapp v. Meyers*, 114 Neb. 689, 209 N. W. 238, in this language: "The driver of an automobile, upon reaching an intersection, has the right of way over a vehicle approaching on his left, and may ordinarily proceed to cross; but if the situation is such as to indicate to the mind of an ordinarily prudent person in his position that to proceed would probably result in a collision, then he should exercise ordinary care to prevent accident, even to the extent of waiving his right."

In the instant case, according to the testimony on behalf of plaintiff, the car in which she was riding first entered the intersection and had the right of way. According to defendant's testimony, he was the first to enter the intersection and had the right of way. The instruction was equally applicable to plaintiff and defendant and their respective contentions. We are unable to see wherein the instruction was prejudicial to either of the parties.

Defendant also contends that instruction No. 9 was prejudicially erroneous. In that instruction the court told the jury that if they found "that the defendant was negligent, *even slightly so,* which negligence proximately caused or contributed to the accident, your verdict would then be for the plaintiff if the plaintiff herself is not found to have been guilty of such negligence, if any, as to defeat her recovery, as herein elsewhere instructed." (Italics ours.)

Defendant argues that the instruction permits plaintiff to recover if there is but a scintilla of evidence indicating negligence on the part of defendant. A defendant is liable for injuries caused proximately by his negligence, regardless of its degree, provided the plaintiff's right of recovery is not barred by reason of contributory negligence. We think it is immaterial whether the negligence of the defendant, under the circumstances, was gross, ordinary, or slight, if it was the proximate cause of the injury to plaintiff, and if she was without fault. We do not commend the instruction in using the words, "even slightly so." The instruction was not prejudicially erroneous.

Defendant next complains because plaintiff, by testimony, brought into the record the fact that defendant carried liability insurance. The manner in which some of this evidence was brought into the record was highly improper and would require a reversal of the judgment, were it not that the record discloses that, prior thereto, defendant himself had brought into the record the question that he carried liability insurance, both on the *voir dire* examination of, and in his opening statement to, the jury. A defendant may not predicate error on plaintiff's introduction of evidence as to a fact irrelevant to any issue in the case, where such fact has been first brought to the attention of the jury by defendant.

Complaint is made because plaintiff and one of her witnesses testified as to the rate of speed at which defendant's car was traveling at and immediately before the time of the collision. It is contended that it is not shown they were competent to testify as to the speed. Plaintiff had ridden

in cars and observed their speed, and the other witness had not only ridden in but had driven a car and was able, in her own opinion, to state approximately the speed at which a car was traveling.

In *Patterson v. Kerr*, 127 Neb. 73, 254 N. W. 704, it was held: "Speed of an automobile is not a matter of exclusive expert knowledge or skill, but any one with a knowledge of time and distance is a competent witness to give an estimate. The opportunity and extent of his observation goes to the weight of the testimony." The rule is somewhat similarly stated in Jones, Commentaries on Evidence (2d ed.) 2323 to 2330. See, also, *Lewis v. Miller*, 119 Neb. 765, 230 N. W. 769, and *Sterns v. Hellerich, ante*, p. 251, 264 N. W. 677. Under these authorities, each of the witnesses was competent to testify. The weight of their evidence was for the jury.

No error prejudicial to defendant has been found.

AFFIRMED.