JESSIE ANDREWS, APPELLANT, V. JOHN CLAPPER, SR., APPELLEE.

274 N. W. 209

FILED JUNE 30, 1937. No. 30022.

*Robert E. McCormack, Bernard R. Stone* and *Wear, Boland & Nye,* for appellant.

*Gaines, McLaughlin & Gaines* and *Paul L. Hoffman, contra.*

Heard before ROSE, GOOD, EBERLY, DAY and CARTER, JJ., and HASTINGS and RINE, District Judges.

ROSE, J.

This is an action to recover $20,000 in damages for personal injuries resulting from alleged negligence of John Clapper, Sr., defendant, in causing a Chevrolet car driven by him to collide with a Ford coach in which Jessie Andrews, plaintiff, was a guest. The collision occurred in Omaha at the intersection of Fifty-seventh street, or "Happy Hollow Boulevard," and Dodge street about 6:30 in the evening of April 2, 1935.

Dodge street runs east and west. The Ford coach in which plaintiff was riding, going west, entered the inter-

section from the east on Dodge street, made a left turn to the south or toward Fifty-seventh street and stopped south of the center of the intersection, where it was struck by the Chevrolet car which, going east, entered the intersection from the west on Dodge street. The acts of negligence imputed to defendant are excessive speed; failure to accord right of way to the driver of the Ford coach, who first arrived at. the intersection; no proper control of Chevrolet car; failure to look out for traffic; want of audible signal of approach.

Defendant denied negligence on his part and pleaded that plaintiff's injuries were caused by the negligence of the driver of the Ford coach. The reply was a general denial.

At the close of plaintiff's evidence the trial court, on motion of defendant, discharged the jury and entered a nonsuit for insufficiency of the evidence to prove actionable negligence on the part of defendant. Plaintiff appealed.

The question presented is the sufficiency of the evidence to make in favor of plaintiff a *prima facie* case against defendant for the consideration of the jury. Mrs. Everett Stoll, owner of the car, was driving at the time of the accident. Plaintiff, a guest, was not guilty of any negligence. In reviewing the discharge of the jury and the entry of a nonsuit at the close of plaintiff's evidence in an action for negligence well pleaded, the appellate court will consider as established every pertinent fact which the admissible evidence adduced proves or tends to prove and give plaintiff the benefit of proper inferences therefrom. *Rhoads v. Columbia Fire Underwriters Agency,* 128 Neb. 710, 260 N. W. 174; *Bainter v. Appel,* 124 Neb. 40, 245 N. W. 16; *Kimble v. Roeder,* 115 Neb. 589, 214 N. W. 1.

Other applicable principles of law have been stated as follows:

"A plaintiff, who is without fault, may recover for injuries as the proximate result of the negligence of another, regardless of the degree of such negligence." *Serratore v. Miller,* 130 Neb. 908, 267 N. W. 159.

"Where separate, independent acts of negligence by different persons combine to produce a single injury, each participant is liable for resulting damages, though one of them alone might not have caused the injury." *Rogers v. Brown*, 129 Neb. 9, 260 N. W. 794. See, also, *Zielinski v. Dolan*, 127 Neb. 153, 254 N. W. 695; *Bosteder v. Duling*, 115 Neb. 557, 213 N. W. 809; *Johnson v. Mallory*, 123 Neb. 706, 243 N. W. 872.

The facts already stated were shown by the evidence. The driver of the Ford coach testified as a witness for plaintiff and among other things said in effect: There were red and green traffic signals at each of the four corners of the intersection. Dodge street is four traffic lanes in width. Driving west in the lane north of the center of Dodge street, she approached Fifty-seventh street at a speed of about 25 miles an hour when the traffic light was green; crossed to the west side of Fifty-seventh street; turned to the left, or south, going about 10 miles an hour; when just turning saw defendant about a quarter of a block away coming from the west at the rate of about 40 miles an hour in the center lane on the south side of Dodge street; signaled her left turn by opening the door on the left or south side of the Ford coach; defendant did not change his course or slacken his speed; observing defendant's approach, brakes of Ford coach were applied and car stopped; from the time she first saw defendant until the impact she went about a car's length or eight or ten feet; when the Ford coach was headed southwest and at rest in the southwest quarter of the intersection the collision occurred; right front of Ford coach was first struck; the next witness knew, her car was standing on the northeast corner of the intersection facing northwest. Testimony of the nature outlined was not destroyed by cross-examination. There is also evidence to the effect that plaintiff was a guest sitting at the right of the driver; that after the crash the right door of the Ford coach was open; that plaintiff was unconscious on the pavement, and severely injured. The evidence is uncon-

tradicted and, for the purpose of testing the order that took the case from the jury, is accepted as expressing the truth on the issue of negligence and resulting damages.

Though the driver of the Ford coach did not give the proper signal by extending her left arm and index finger beyond the left side of her car to indicate a left turn, the omission did not give defendant a license to rush into the intersection at a dangerous speed without regard to the rights and safety of others lawfully there—a busy center of traffic requiring signal lights. Since the driver of the Ford car saw defendant about a quarter of a block away as she was making a left turn, it is a fair inference that he then saw, or should have seen, the turning movement of her car and should have anticipated her purpose. His failure to change his course or to slacken his speed to avoid a collision under the circumstances was evidence of actionable negligence. The law is: "The duty of a motorist at a congested intersection in public streets is commensurate with the danger to himself and others." *Rogers v. Brown,* 129 Neb. 9, 260 N. W. 794. The presumption that the driver of an automobile at street intersections, where there are red and green traffic signals, will not violate traffic regulations terminates when the contrary is indicated by affirmative acts of which other motorists are bound to take notice in the exercise of ordinary care. In a former discussion of this subject it was said:

"One having the right of way may not on that account proceed serenely unconscious of the surrounding circumstances; and if they are such as to forecast in the mind of a reasonably prudent person the probability of a collision should he continue on his way, it would be his duty to waive his right if reasonably necessary to avoid that event. The position of a driver of an automobile having the right of way is akin to that of the farmer who, when his horse ran away, trusted in the Lord until the breeching broke; the former may rely upon his right of way until he becomes aware of conditions which call for action

upon his part; it then becomes his duty for his own safety, and that of others, to avoid accident if reasonably possible." *Thrapp v. Meyers,* 114 Neb. 689, 209 N. W. 238. See, also, *Serratore v. Miller,* 130 Neb. 908, 267 N. W. 159.

If negligence of the driver of the Ford car combined with that of defendant to cause injury to plaintiff, a third person without fault, defendant did not thus escape liability for resulting damages. The issues were for the jury under the evidence and the rules of law stated. For the errors in excusing the jury and in dismissing the action, the judgment below is reversed and the cause remanded for further proceedings.

REVERSED.