OTTO A. BERGENDAHL, APPELLEE, V. HENRY RABELER, AP-
PELLANT.

276 N. W. 673

FILED DECEMBER 17, 1937.   No. 30188.

*Moyer & Moyer, Baylor & Tou Velle* and *George Healey,*
for appellant.

*J. J. Harrington* and *Deutsch, & Young, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and KROGER, District Judge.

CARTER, J.

This action was brought by plaintiff, as the next friend of his daughter, Sonja Bergendahl, a minor, to recover damages for injuries suffered in an automobile accident. A verdict for $4,983.34 was returned by the jury and judgment entered thereon. From the overruling of his motion for a new trial, defendant appeals.

This is the second appearance of this case in this court. *Bergendahl v. Rabeler,* 131 Neb. 538, 268 N. W. 459. All of the facts and circumstances surrounding the accident are correctly set out in the former opinion and will be considered as if a part of this opinion in our discussion of the case.

The situation may be summarized as follows: It had been customary for Otto A. Bergendahl to take his two daughters, Sonja and Lillie, to and from school. On the day of accident he was unable to do so because of illness. He thereupon procured Kenneth Wehenkel, a neighbor boy of the age of 18 years, to drive the car. While driving south on Fifth street in the city of Norfolk, accompanied by Sonja and Lillie Bergendahl, their car collided with defendant's car in the intersection of Fifth street and Michigan avenue, causing the injuries to Sonja Bergendahl of which complaint is made.

There is no question that the Bergendahl car was traveling south and the defendant's car east and that defendant was entitled to the right of way at the intersection. The record fully establishes the fact that the brakes on the Bergendahl car were practically useless for braking purposes.

The testimony of plaintiff's witnesses is that the Bergendahl car was traveling at a speed of 20 to 25 miles an hour before it entered the intersection and was reduced 5 to 10 miles an hour before the accident occurred. Defendant testifies that it was traveling from 30 to 35 miles an hour.

Defendant testifies that his car was traveling from 10 to 12 miles an hour as it entered the intersection. The testimony of Wehenkel, Sonja and Lillie Bergendahl is to the effect that defendant was traveling from 40 to 45 miles an hour. The testimony of the three last-named witnesses is to the effect that they looked to the right before entering the intersection at a point where they could see at least 100 feet up the street and that they did not see defendant's car until a collision was imminent and that they based their judgment as to the rate of speed upon a brief glance in that direction immediately before the accident. This court has held that the speed of an automobile is not a matter of exclusive expert knowledge or skill and that any one with a knowledge of time and distance is a competent witness to give an estimate. *Patterson v. Kerr,* 127 Neb. 73, 254 N. W. 704; *Serratore v. Miller,* 130 Neb. 908, 267 N. W. 159. But it is very evident from the record that these witnesses had no reasonable time, means, distance or opportunity to formulate a basis for an opinion as to the speed of defendant's car. Such evidence is not sufficient to sustain a finding of excessive speed when it conflicts with other evidence and there is no additional testimony on the subject. The record shows that the collision occurred four or five feet south of the center of the intersection. It further appears that defendant turned his car south in an attempt to avoid the accident and that Wehenkel turned east trying to avoid the collision. It appears that the right spring horn of the Bergendahl car struck the left front wheel of the defendant's car causing the cars to crash or sideswipe each other. Defendant's car proceeded southwest to a point 12 or 14 feet south of the south line of the intersection. The Bergendahl car proceeded southeast and overturned on the sidewalk on the south line of the intersection. These facts clearly indicate that defendant's car was traveling at no greater rate of speed, if not less, than the Bergendahl car. Under this state of facts, we come to the conclusion that the evidence will not sustain a finding of excessive speed on the part of the defendant. In *Showers*

*v. Jones Co.,* 126 Neb. 604, 253 N. W. 902, we said: "He said he was uncertain which way to travel, whether to turn south or continue east and slackened speed with the intention of turning south, but finally concluded to go east; that as he came into the intersection he slowed down to about 20 miles an hour; that he heard the truck, looked up and saw it for the first time about 15 or 20 feet to his left; that he then turned his car to the right in an attempt to avoid the collision. Osborn testified that in his opinion plaintiff's truck was traveling at the rate of 40 miles an hour, but it is extremely doubtful whether this testimony should have been received as he was hardly in position to make a reliable estimate." This case is in point as to the weight to be given to the evidence of plaintiff's witnesses on the matter of the speed that defendant's car was traveling.

The only other allegation of negligence charged against the defendant is that he failed to keep a proper lookout. The record is devoid of any evidence on this subject unless it can be inferred that the happening of the accident is evidence of it. This, of course, is not the case, as negligence must be affirmatively established. The record shows that defendant was traveling at a reasonable rate of speed and was either the first to enter the intersection or was at least approaching the intersection at approximately the same time as the Bergendahl car, within the meaning of section 39-1148, Comp. St. Supp. 1937. See, also, *Spittler v. Callan,* 127 Neb. 331, 255 N. W. 27. Defendant not only had the right of way, but he had a right to assume that his right would be respected by a driver approaching from the north. The driver of the Bergendahl car testified that he looked to the right at a point where he could see for more than 100 feet west of the intersection. The evidence is convincing that he either did not look, or, if he did, that he did not see defendant's car approaching the intersection. The evidence conclusively establishes the fact that defendant's car was within 100 feet of the intersection at the time the driver of the Bergendahl car looked to his

right. Under these circumstances, the driver of the Bergendahl car was negligent either in not looking to his right, or, if he did look, in not seeing defendant's car approaching. We have said: "The duty of the driver of a vehicle * * * to look for vehicles approaching on the highway implies the duty to see what was in plain sight." *Vandervert v. Robey,* 118 Neb. 395, 225 N. W. 36, citing *Kemmish v. McCoid,* 193 Ia. 958, 185 N. W. 628. We are constrained to the view that the proximate cause of this accident was the lack of brakes upon the Bergendahl car and the negligence of its driver in the operation of the car. Plaintiff advances the argument that the lack of adequate brakes was not a contributing cause to the accident for the reason that the driver of the car attempted to avoid the collision by increasing its speed and not by the use of brakes. This argument is untenable. Ordinarily, the driver of a car has two methods of avoiding a collision. He may slow down or stop his car, or he may speed it up. But where the braking equipment is faulty he has no choice, and knowing that fact, his only opportunity of avoiding collisions is by increasing his speed. To say that, under such a situation, a failure to have usable brakes is not a contributing cause lacks all the elements of reason and logic. The evidence does not in our opinion establish any negligence on the part of the defendant, and if any of the evidence might by favorable construction be construed to be proof of negligence, it certainly was no part of the proximate cause of the collision. The accident would have happened irrespective of any of the acts of the defendant herein claimed to constitute negligence. The applicable rules are as follows: Where from the evidence it appears that the injury would have occurred whether the defendant was negligent or not, his negligence cannot be deemed the cause of the injury. *Davis v. Union P. R. Co.,* 99 Neb. 769, 157 N. W. 964. "In an action to recover damages for a personal injury, the defendant is entitled to a directed verdict when the evidence is insufficient to show that the alleged negligence was the proximate cause of the injury." *Benson v. Peters,*

82 Neb. 189, 117 N. W. 347. "It is a well-settled rule that the negligence of one person cannot be the basis of an action for damages resulting to another unless it be shown that such negligence was the proximate cause of the injury to the damaged party." *Wagner v. Watson Bros. Transfer Co.*, 128 Neb. 535, 259 N. W. 373. See, also, *Seaboard Air Line R. Co. v. Watson*, 94 Fla. 571, 113 So. 716; *Espy v. Ash*, 42 Ga. App. 487, 156 S. E. 474; *Hinnant v. Atlantic Coast Line R. Co.*, 202 N. Car. 489, 163 S. E. 555.

It was held in the former opinion "that Wehenkel, the driver of the Bergendahl car, was under the facts above outlined guilty as a matter of law of negligence that formed a part or all of the proximate cause of plaintiff's injuries to such an extent as to prohibit a recovery, on account of the facts of this case, by him or by any one to whom his negligence was imputed." *Bergendahl v. Rabeler, supra.* The record before us sustains the same conclusion. The contention is, however, that Sonja Bergendahl was a passenger in the Bergendahl car and that she may recover damages from any one whose concurring negligence contributed to her injury.

The applicable rule is that, where separate, independent acts of negligence by different persons combine to produce a single injury, each participant is liable for the resulting damages, though one of them alone might not have caused the injury. *Rogers v. Brown*, 129 Neb. 9, 260 N. W. 794; *Andrews v. Clapper, ante*, p. 110, 274 N. W. 209. But if the alleged negligence of the defendant was not a cause of the accident and the collision would have occurred even if defendant was not negligent, but had driven where he did drive, then, even though he was negligent, he would not be liable since in such case his negligence would have created a mere nonacting condition that formed no part of the proximate cause of the injury of which plaintiff complains. In order for plaintiff to recover, it must be established by a preponderance of the evidence that, except for the negligence of the defendant, the accident would not have occurred. The record will not support a finding that such

was the case. In fact, the record fails to establish by a preponderance of the evidence that defendant was guilty of any negligence. The proximate cause of this accident was the negligence of the driver of the Bergendahl car in operating his car without brakes, his failure to look to his right for cars approaching the intersection, or, if he did look, his failure to see that which was in plain sight, and his failure to yield the right of way to defendant's car approaching from the right at approximately the same time. This being true, plaintiff cannot recover. The trial court erred in not sustaining defendant's motion for a directed verdict made at the close of all the evidence. The case has been twice tried in the district court and we necessarily conclude that the record before us contains all of the material evidence available. There is nothing to be gained by another trial of the case. The judgment of the district court will therefore be reversed and the case dismissed.

REVERSED AND DISMISSED.