GARY G. STARK, A MINOR, BY FREDERICK A. STARK, HIS FATHER, AND VIRGINIA STARK, HIS MOTHER, AS NEXT FRIENDS, APPELLEE; V. BENJAMIN B. TURNER ET AL., APPELLANTS, JOSEPH L. JOHNSON, APPELLEE.

47 N. W. 2d 569

Filed April 26, 1951. No. 32955.

*Stiner & Boslaugh,* and *Preston J. McDonnell,* for appellants.

*J. E. Willits,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Gary G. Stark, a minor, by Frederick A. Stark, his father, and Virginia Stark, his mother, as next friends, brought this action in the district court for Adams County against Benjamin B. Turner, Benjamin K. Turner, and Joseph L. Johnson. The purpose of the action is to recover for damages alleged to have been suffered by plaintiff as the result of an automobile accident alleged to have been caused by the negligent conduct of the defendants. Trial was had. After all the evidence had been adduced and the parties had rested a motion to dismiss plaintiff's action against the defendants Ben-

jamin B. Turner and Benjamin K. Turner was sustained. It was submitted to the jury as to the defendant Joseph L. Johnson. The jury returned a verdict for plaintiff in the sum of $100. Plaintiff thereupon filed a motion for new trial. The trial court sustained this motion and granted plaintiff a new trial against all of the defendants. It is from this order that the Turners have appealed. No appeal was taken from this ruling by the defendant Joseph L. Johnson.

The appellee contends the appeal should be dismissed because the transcript fails to show that appellants complied with the provisions of section 25-1914, R. R. S. 1943. See, Greb v. Hansen, 123 Neb. 426, 243 N. W. 278; Paper v. Galbreth, 123 Neb. 841, 244 N. W. 896. Appellants have caused to be filed a supplemental transcript within the time provided for doing so by our rule 4c. This supplement shows that appellants did comply with the provisions of the foregoing statute. The contention is therefore without merit.

The appeal presents the question: Was the proof offered by appellee sufficient to make a case against appellants that should have been submitted to the jury? If it was, then the court was wrong in sustaining appellants' motion to dismiss and correct in granting appellee a new trial.

Appellee alleged that the cars involved in the accident were being operated at an excessive and unlawful rate of speed, at a rate of speed greater than was reasonable and proper under the circumstances, and in such a manner that the drivers lacked control thereof, all in violation of the ordinances of the city of Hastings; that such operation was negligent and the proximate cause of the accident; and that such conduct on the part of the operators of the cars was joint and concurrent.

The municipal code of the city of Hastings in force at the time of the accident provides, so far as here material, as follows:

"No person shall operate a motor vehicle on any

street, alley or other place within the City of Hastings at a rate of speed greater than is reasonable and proper, having regard for the traffic and roadway and the condition of the street or at such a speed as to endanger the life, limb or property of any person, * * *." Section 40, p. 40.

"It shall be unlawful for the driver of any vehicle, when passing premises on which school buildings are located and which are used for school purposes, during school recess or while children are going to or leaving school during the opening or closing hours to drive such vehicle at a rate of speed in excess of fifteen miles per hour past such premises, * * *." Section 41, p. 41.

"Vehicles approaching public school, * * * must do so in an especially cautious manner, and always by way of the right side of the street." Section 43, p. 41.

Section 41 of the code was, on objection, excluded by the trial court. We find it has application here and the exclusion thereof was error. We have set forth that part of the section that is here material and shall consider it in our disposition of the question presented.

In view of the manner in which the question is here presented we will apply the following principle in considering the facts as we find them disclosed by the record: "A motion for directed verdict or for judgment notwithstanding the verdict must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence." Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367. See, also, Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596; Bixby v. Ayers, 139 Neb. 652, 298 N. W. 533; Klement v. Lindell, 139 Neb. 540, 298 N. W. 137.

That appellee was injured as a result of the accident is not in dispute although the extent thereof is. How-

ever, that question is not raised by this appeal and therefore will not be herein discussed.

The accident happened in Hastings, Nebraska, on September 20, 1946, about 1 p. m. at the intersection of Third Street and California Avenue. Third Street runs east and west and immediately east of where it intersects with California Avenue the traveled portion is graveled. California Avenue runs north and south and is paved. This results in the traveled portion of the intersection being paved. The traveled portion of both streets is 30 feet from curb to curb. At the northeast corner of the intersection is the Alcott school which is one of the public grade schools of Hastings. The grounds of this school extend east along the north side of Third Street for a distance of two blocks and north along the east side of California Avenue for a distance of one block. Located along the north side of Third Street is a sidewalk. The same is true on the west side of California Avenue. These sidewalks meet and cross in the northwest corner of the intersection.

Defendant Joseph L. Johnson owned a 1938 Chevrolet coupe which he was driving north on California Avenue immediately before the accident. Appellant Benjamin B. Turner owned a 1938 Ford coach which, at the time of the accident, was being driven west on Third Street by his son, appellant Benjamin K. Turner. He was operating the Ford coach with the knowledge and consent of his father. It was the family car of the Turners and, at the time, was being used by the son as a member thereof. The two cars came together at about the center of the intersection of these two streets, the left front of the Turner car running into the right rear side of the Johnson car. The impact resulted in the left front fender, light, bumper, hood, radiator, grille, and frame of the Turner car being bent back and sprung and in the right rear fender, door, panel, and running board of the Johnson car being damaged. It caused the Johnson car to skid in a half circle to the northwest. The Johnson

car stopped in the northwest corner of the intersection just north of the east-west traveled portion thereof. Its right rear wheel was over the west curb of California Avenue and north of the east-west sidewalk which runs along the north side of Third Street. It remained upright. Its left rear wheel and both front wheels were on the paved portion of California Avenue, the front wheels being south of the east-west crosswalk area. It was facing mostly south but a little east. The Turner car was stopped in about the center of the intersection but was facing somewhat to the northwest. The distance from the front of the Turner car to the front of the Johnson car, as they were located after the accident, was 30 feet.

The injuries to appellee resulted from his being struck by the rear of the Johnson car. Appellee was returning from his home to the Alcott school where he was a pupil in the fourth grade. He was nine years of age at the time. At the time of the accident he was on the east-west sidewalk in the northwest corner of the intersection some 4 or 5 feet west of the west curb of California Avenue.

From the evidence a jury could properly find that appellant Benjamin K. Turner was driving the Ford coach west on Third Street, adjacent to the Alcott grade school, at 20 miles an hour; that he did not slow up as he approached the intersection of Third Street and California Avenue until he saw the Johnson car approaching from the south on California Avenue; that he was not able to look south on California Avenue for the purpose of observing cars coming from that direction until he arrived at a point on Third Street where he could look past the west end of a hedge located along the south side of Third Street; that upon seeing the Johnson car he immediately applied his brakes; that this caused the tires on his car to skid; that the tires skidded for a distance of 25 feet before his car hit the Johnson car; that part of this skidding was on the gravel on Third

Street and part was on the paved surface of the intersection; that the skidding continued up to the point of impact of his car with the Johnson car; that there was loose gravel on the concrete in the intersection; that the loose gravel on the concrete prevented the tires from taking a very effective hold; that the Turner car hit the Johnson car with sufficient force to cause the rear thereof to skid to the west which caused it to travel in a semicircle until it came to a stop in the northwest part of the intersection; that the Johnson car hit the appellee; and that as a result of being hit the appellee was injured.

The following principles are applicable to the foregoing:

"In an action where there is any evidence which will support a finding for a party having the burden of proof, the trial court cannot disregard it and direct a verdict against him." Hamilton v. Omaha & C. B. St. Ry. Co., 152 Neb. 328, 41 N. W. 2d 139.

"* * * that the defendant failed to do what a reasonable and prudent person 'would ordinarily have done under the circumstances and situation,' or that he did what a reasonable and prudent person 'under the existing circumstances would not have done,' and that his acts were therefore negligent (Eaton v. Merritt, 135 Neb. 363, 281 N. W. 620) * * *." Bixby v. Ayers, *supra.*

" 'The proximate cause of an injury is that cause which, in the natural and continuous sequence, unaccompanied by any efficient intervening cause, produces the injury, and without which the result would not have occurred.' Spratlen v. Ish, 100 Neb. 844, 161 N. W. 573. See, also, Williams v. Hines, 109 Neb. 11, 189 N. W. 623, and Steenbock v. Omaha Country Club, 110 Neb. 794, 195 N. W. 117." Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501. See, also, Bixby v. Ayers, *supra;* Johnson v. Mallory, 123 Neb. 706, 243 N. W. 872.

"Where the independent tortious acts of two persons

combine to produce an injury indivisible in its nature, either tortfeasor may be held for the entire damage—not because he is responsible for the act of the other, but because his own act is regarded in law as a cause of the injury." Husky Refining Co. v. Barnes, 119 F. 2d 715, 134 A. L. R. 1221.

"* * * where separate, independent acts of negligence by different persons combine to produce a single injury, each participant is liable for the resulting damages, though one of them alone might not have caused the injury. Schweppe v. Uhl, 97 Neb. 328; Robertson v. Chicago, B. & Q. R. Co., 108 Neb. 569; Koehn v. City of Hastings, 114 Neb. 106; O'Neill v. Rovatsos, 114 Neb. 142; Olson v. Hansen, 122 Neb. 492; Zielinski v. Dolan, 127 Neb. 153." Rogers v. Brown, 129 Neb. 9, 260 N. W. 794. See, also, McClelland v. Interstate Transit Lines, 142 Neb. 439, 6 N. W. 2d 384; Johnson v. Mallory, *supra;* Bosteder v. Duling, 115 Neb. 557, 213 N. W. 809; Forslund v. Swenson, 110 Neb. 188, 192 N. W. 649.

"Users of the highway are required to exercise reasonable care. What is reasonable care must, in each case, be determined by its own peculiar facts and circumstances." McClelland v. Interstate Transit Lines, *supra.* See, also, Roby v. Auker, 149 Neb. 734, 32 N. W. 2d 491; Lammers v. Carstensen, 109 Neb. 475, 191 N. W. 670.

"The violation of any statutory or valid municipal regulation, established for the purpose of protecting persons or property from injury, is sufficient to prove such a breach of duty as will sustain a private action for negligence, if the other elements of actionable negligence concur. * * * Such a violation is evidence of negligence, which the jury are entitled to consider upon the question whether actionable negligence existed." Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680. See, also, Crandall v. Ladd, 142 Neb. 736, 7 N. W. 2d 642.

As stated in Novak v. Laptad, 152 Neb. 87, 40 N. W.

2d 331, quoting from Folken v. Petersen, 140 Neb. 800, 1 N. W. 2d 916: " '* * * the lawfulness of the speed of a motor vehicle within the prima facie limits fixed is determined by the further test of whether the speed was greater than was reasonable and prudent under the conditions then existing.' "

"One having the right of way may not on that account proceed serenely unconscious of the surrounding circumstances; * * *. He has the right of way over traffic approaching on his left, but is not thereby relieved from the duty of exercising ordinary care to avoid accidents; * * *." Thrapp v. Meyers, 114 Neb. 689, 209 N. W. 238, 47 A. L. R. 585. See, also, Klement v. Lindell, *supra;* Andrews v. Clapper, 133 Neb. 110, 274 N. W. 209.

As stated in Simcho v. Omaha & C. B. St. Ry. Co., *supra,* in quoting from Rocha v. Payne, 108 Neb. 246, 187 N. W. 804: " 'Negligence is a question of fact and may be proved by circumstantial evidence. All that the law requires is that the facts and circumstances proved, together with the inferences that may be legitimately drawn from them, shall indicate, with reasonable certainty, the negligent act complained of.' "

Considering the facts in the manner which we must and applying thereto the foregoing principles, we have come to the conclusion that they present an issue which must be determined by a jury, that is, was appellant Benjamin K. Turner negligent in the operation of the Ford coach and, if so, was such negligence a proximate cause of the injuries sustained by the appellee? This being true it requires our affirmance of the court's order granting appellee a new trial as to each of the appellants for, under the factual situation herein admitted, appellant Benjamin B. Turner would be liable as a matter of law for his son's, appellant Benjamin K. Turner, operation of the car since it was being operated by his son with his knowledge and consent and as a member of his family.

AFFIRMED.